ETANISLAO RODRÍGUEZ RIVERA, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y FONDO DEL SEGURO DEL ESTADO, asegurador.

Núm. 269.—*Sometido:* Noviembre 1, 1943. *Resuelto:* Diciembre 6, 1943.

*Miguel García González,* abogado del recurrente; *Hon. Procurador General Interino M. Rodríguez Ramos* y *Joaquín Correa,* abogados del Fondo del Seguro del Estado.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

El obrero recurrente sufrió un accidente del trabajo al caerle sobre el pie derecho una plancha de hierro que levantaba con una barra, causándole contusiones en los dedos ter-

cero y cuarto y fractura de la punta del dedo segundo de dicho pie. En diciembre 2, 1942, fué dado de alta por el médico del Fondo del Seguro del Estado, y desde esa fecha el Administrador le suspendió las dietas de $10 semanales que había venido percibiendo. En diciembre 10 del mismo año el obrero se dirigió al Administrador, alegando que no se encontraba en condiciones para volver al trabajo y solicitando ser oído de nuevo con el fin de que se adoptaran las medidas necesarias para su tratamiento y curación. Negóse el Administrador a reconsiderar el caso y confirmó su resolución por la que fijó al obrero una incapacidad de un diez por ciento de las funciones fisiológicas del dedo segundo del pie derecho y ordenó que se le pagara en total y por una sola vez una compensación adicional equivalente a la mitad del jornal que ganaba el día del accidente, por un período de semana y media, o sea la suma de $14.18.

En 13 de abril de 1943 la Comisión Industrial revocó la resolución del Administrador y emitió otra al efecto de que al obrero debía dársele un tratamiento adicional de fisioterapia con descanso por un término no mayor de dos semanas, con derecho a dietas durante ese período. En 10 de mayo de 1943 la Comisión, de acuerdo con el informe de sus asesores médicos y de los del Fondo, resolvió que el obrero debía ser dado de alta y reconocérsele una incapacidad de un 10 por ciento de las funciones fisiológicas del dedo segundo del pie derecho. En 19 de mayo de 1943 el obrero solicitó la reconsideración y que se le ordenara el pago de dietas por el tiempo transcurrido desde diciembre 3, 1942 a abril 19, 1943, más las correspondientes a las dos semanas de tratamiento adicional. La Comisión denegó la reconsideración por el fundamento de que "los juanetes y la infección micótica que sufre el obrero son los responsables de la condición de incapacidad que tiene el obrero para el trabajo y como esa condición existía cuando él fué dado de alta para trabajar, si dejó de trabajar durante el período de diciembre

de 1942 a abril de 1943, es lógico concluir y así lo resolve-- mos que no puede alegarse que fuera por motivo resultante de su lesión.''

En apoyo del recurso interpuesto para ante esta Corte Suprema, el recurrente alega:

(A) Que la Comisión erró al concluir que la incapacidad que sufría el obrero hasta que fué dado de alta definitiva- mente no tuvo relación con el accidente sufrido.

(B) Que la Comisión cometió error de derecho al negarle al obrero el pago de dietas desde el 2 de diciembre de 1942, fecha en que fué dado de alta por primera vez, hasta el 19 de abril en que se le dió el tratamiento adicional por dos se-- manas, ''al cabo de las cuales fué dado de alta definitiva-- mente y en condiciones de poder volver al trabajo a pesar de la infección micótica y de los juanetes.''

 Las dos cuestiones levantadas por el recurrente están tan íntimamente relacionadas que es preciso conside- rarlas conjuntamente como si de una sola se tratara.

Del récord ante nos resulta que el obrero lesionado fué dado de alta definitiva en diciembre 9 de 1942 por el Dr. J. M. Quiñones, Inspector Médico del Fondo; que en marzo 5 de 1943 el obrero fué examinado nuevamente por el citado doctor y por el Dr. Cordero, Asesor Médico de la Comisión, quien después de informar que ''el obrero presenta un ligero edema en el dorso del pie derecho, así como en los dedos del mismo pie, habiendo encontrado además que el obrero pre- senta juanetes en ambos pies e infección micótica en las uñas de ambos pies'', opinó que al obrero debe concedérsele el beneficio de la duda en cuanto a que la sintomatología actual sea consecuencia de la fractura sufrida en el segundo dedo del pie derecho; y que no estando conforme el Asesor Mé- dico del Fondo, se acordó la celebración de una vista pública.

Hemos examinado la prueba pericial practicada ante la Comisión, de la cual haremos un resumen. Declaró el Dr. Quiñones, médico del Fondo, que él examinó muchas veces al

lesionado, estudió cuidadosamente el caso y las radiografías; que la fractura sufrida es tan pequeña que el primer informe radiólogo fué negativo de fractura; que los informes posteriores revelaron que la fractura había consolidado en perfecta aposición, sin que hubiese desplazamiento de los fragmentos, ni formación de callos, ni en ningún momento infección de las heridas, de los demás dedos; que admite que el obrero está incapacitado para trabajar, pero que eso se debe a que padece de dos juanetes enormes, tanto en el pie derecho como en el izquierdo; que el juanete es una lesión que incapacita al obrero; que la incapacidad que sufre el obrero en este caso no se debe a la pequeña fractura del dedo; que el obrero sufre de otra lesión grave de los dos pies, una lesión fungosa, y que en algunos dedos ha perdido las uñas; que lo que debe hacer esté obrero es tratarse los juanetes y no la fractura, la cual está consolidada y ha recibido ya el máximum de tratamiento; que el día en que fué dado de alta, el obrero estaba en condiciones de poder trabajar, a no ser por la condición de los juanetes; que la fractura sufrida no pudo en manera alguna agravar la condición de los juanetes de que sufre el obrero, ni poner a éste en las condiciones en que ahora se encuentra; y que los dolores de que se queja el obrero no son consecuencia de la fractura y sí de las otras condiciones de sus pies.

Declaró el Dr. Cordero, Asesor Médico de la Comisión. Describió las mismas condiciones observadas por el médico del Fondo en los pies del obrero, agregando que había observado un ligero edema en el pie derecho, que no aparecía en el izquierdo, no obstante existir en ambos los juanetes y la lesión fungosa. Sostuvo que hay tres causas que pueden producir esa clase de edema y admitió que los juanetes pueden ser la causa del edema y también de los dolores que el obrero alega tener en el pie derecho, y que la infección micótica puede ser también la causa del dolor y del edema. Agregó, "que es casi imposible pensar que una fractura de

carácter leve como la que este obrero sufrió, incapacite a este obrero para trabajar, habiendo consolidado, que no esté en condiciones de reanudar su trabajo'', y terminó diciendo que no cree que se le debe aumentar la incapacidad porque los movimientos de los dedos son normales, pero que cree justo que se dé al obrero el beneficio de la duda.

Las conclusiones a que llegó la Comisión están sostenidas por la prueba pericial, y no encontramos razón alguna para intervenir con su apreciación de la prueba pericial.

Habiendo llegado a la conclusión, que hallamos justificada, de que la incapacidad en que se encuentra el obrero recurrente para volver al trabajo, no está relacionada con el accidente, la Comisión no erró al negarse a conceder al recurrente las dietas solicitadas.

*La resolución recurrida debe ser confirmada.*